UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIAN ADAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>DAREN KERR, et al.,<br><br>        Defendants. | Case No. 20-CV-08557-LHK<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE** |

On December 3, 2020, Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Santa Cruz sheriffs, district attorneys, and public defenders. ECF No. 1. Plaintiff's First Amended Complaint ("FAC") is difficult to understand, but Plaintiff's FAC appears to bring claims that his rights were violated during several state criminal prosecutions. ECF No. 9 ("FAC"). For the reasons stated below, the Court DISMISSES the FAC without prejudice.

**I. BACKGROUND**

On December 3, 2020, Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Defendants Santa Cruz Sheriff Jim Hart; Santa Cruz Deputy Sheriffs Daren Kerr, Peter Hansen, and Yanez; Santa Cruz District Attorney Jeff Rosell; Santa Cruz Assistant District Attorney Abel C.K. Hung; Mark Benjamin Briscoe, Heather Ruth Rogers, Zachariah

1
Case No. 20-CV-08557-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

1 Schwarzbach, John Minsloff, and Biggam Christensen & Minsloff, "Public Pretenders Office";

2 and Charles Luke Stevens, "Court appointed Pretender." ECF No. 1. Plaintiff's initial complaint is

3 difficult to understand, but Plaintiff's initial complaint appears to be seeking monetary damages

4 for alleged violations of his rights during his criminal prosecutions. *See* ECF No. 1 at 6 (alleging

5 that, in over 9 years of criminal cases, Plaintiff was denied his "Due Process Rights, Constitutional

6 Rights, Bradys Rights, Marsden Rights, Victims Rights, Rights to legal readdress"); *id.* at 7

7 (seeking monetary damages against the "Police, Prosecutor, Public Pretenders, Judges, and

8 courtroom personnel"). In addition, Plaintiff filed a motion for leave to proceed in forma pauperis

9 ("IFP"). ECF No. 2.

10 On December 7, 2020, United States Magistrate Judge Virginia K. DeMarchi screened

11 Plaintiff's initial complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 4. Judge DeMarchi granted

12 Plaintiff's IFP application. *Id*. at 1. However, Judge DeMarchi concluded that Plaintiff's initial

13 complaint did not state a claim upon which relief could be granted because Plaintiff's initial

14 complaint "does not include any factual allegations regarding the specific acts or omissions of any

15 specifically identified individuals." *Id.* at 4. Judge DeMarchi permitted Plaintiff to file an amended

16 complaint by January 6, 2021. *Id.* at 5. Judge DeMarchi also requested that Plaintiff file a consent

17 or declination to magistrate judge jurisdiction by January 6, 2021. *Id.* at 4.

18 On December 22, 2020, Plaintiff declined magistrate judge jurisdiction. ECF No. 5. On

19 December 23, 2020, the instant case was reassigned to the undersigned judge. ECF No. 7.

20 On January 4, 2021, Plaintiff filed the FAC. FAC. The FAC names as Defendants Santa

21 Cruz Sheriff Jim Hart; Santa Cruz Deputy Sheriffs Daren Kerr, Peter Hansen, and Mark Yanez,

22 but does not list the other defendants. FAC. However, the FAC includes the other defendants in

23 the case caption. FAC. The FAC is difficult to understand, but the FAC appears to bring claims

24 that his rights were denied in several state criminal prosecutions. The FAC alleges that, in 9 years

25 of state criminal prosecutions, Plaintiff was denied "Due Process Rights, Constitutional Rights,

26 Bradys Rights, Marsden Rights, Victims Rights, Rights to legal readdress." FAC at 4. For

27 example, the FAC alleges that Deputy Sheriff Kerr planted drugs on Plaintiff. *Id.* Additionally, the

2

FAC alleges that Deputy Sheriff Kerr was able to attend and record a hearing on Plaintiff's Marsden motion. *Id.* at 3. The FAC also alleges that the state court judge denied Plaintiff his right to introduce evidence in support of his Marsden motion. *Id.* at 5. In addition, the FAC alleges that sheriff's deputies lied in the hearing on Plaintiff's Marsden motion. *Id.* at 5–6.

On March 18, 2021, the Court issued an Order to Show Cause in the instant case because the Court was "concerned that abstention may be necessary in this action." ECF No. 12; *see Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil rights lawsuit during the pendency of his criminal trial . . . abstention may be an appropriate response to the parallel state-court proceedings."). The Court noted that the online docket of the Superior Court of California for the County of Santa Cruz stated on March 18, 2021 that one of the criminal prosecutions that Plaintiff was challenging, Case No. 5803448836, was listed as active. *See* ECF No. 12. The Court thus directed Plaintiff to file a response of no more than three pages that addressed whether the Court should stay the instant action until the criminal proceedings were completed. *Id.*

On March 29, 2021, Plaintiff filed a response to the Order to Show Cause. ECF No. 13. Plaintiff stated: "Case 5803448836 is more Proof of Federal Violations. The fact that it looks like an active case makes it Federally Illegal . . ." *Id.* at 2. Plaintiff's response attached an email from "criminal.information@santacruz.org" which stated the following: "For case 5803448836 is a bond that you were scheduled to come in to determine if the District Attorney would file or not. The District Attorney declined to file. Therefore it was dismissed on 7/16/18." *Id.* at 4. The Court notes that, as of June 17, 2021, a review of the online docket of the Superior Court of California for the County of Santa Cruz still states that Case No. 5803448836 is active. *See People v. Adrian Omeka Adams*, Case No. 5803448836 (Superior Court of California for the County of Santa Cruz, filed July 3, 2018). However, even assuming that the online docket of the Superior Court of California for the County of Santa Cruz is incorrect as to the status of Case No. 5803448836, the Court nevertheless concludes that the FAC is subject to dismissal for the reasons stated below.

**II. DISCUSSION**

3

Case No. 20-CV-08557-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

For the reasons stated below, the Court is concerned that Plaintiff's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court considered the question of "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. Petitioner Roy Heck had been convicted of voluntary manslaughter and was serving a 15-year sentence when he filed a Section 1983 action in federal court seeking monetary damages for constitutional violations in his arrest and prosecution. *Id.* at 478-79. In a previous decision, the U.S. Supreme Court had held that a habeas corpus proceeding is the exclusive remedy for a state prisoner who seeks to challenge the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Although the constitutional violations alleged by Mr. Heck directly implicated the legality of his confinement, he sought only monetary damages and did not ask for release or a reduced sentence. *Heck*, 512 U.S. at 479, 481.

Thus, the U.S. Supreme Court was faced with the question of whether a state prisoner's claim for damages is cognizable under Section 1983 when the prisoner does not seek release, but "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481–82. The U.S. Supreme Court concluded that such claims are not cognizable under Section 1983 and held that a state prisoner may not recover damages for constitutional violations that would render his conviction unlawful unless and until he demonstrated that his conviction had been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus. *Id.* at 486–87; *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("Heck specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.").

In the instant case, the FAC is difficult to understand, but the FAC appears to bring claims that Plaintiff's rights were violated during several state criminal prosecutions. The FAC alleges that, in 9 years of state criminal prosecutions, Plaintiff was denied "Due Process Rights, Constitutional Rights, Bradys Rights, Marsden Rights, Victims Rights, Rights to legal readdress." FAC at 4. For example, the FAC alleges that Deputy Sheriff Kerr planted drugs on Plaintiff. *Id.*

4

Case No. 20-CV-08557-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

Additionally, the FAC alleges that Deputy Sheriff Kerr was able to attend and record a hearing on Plaintiff's Marsden motion. *Id.* at 3. The FAC also alleges that the state court judge denied Plaintiff his right to introduce evidence in support of his Marsden motion. *Id.* at 5. In addition, the FAC alleges that sheriff's deputies lied in the hearing on Plaintiff's Marsden motion. *Id.* at 5–6.

Accordingly, Plaintiff appears to be asking the Court to conclude that his rights were violated during his state criminal prosecutions. Because a finding that Plaintiff's rights were violated during his state criminal prosecutions would necessarily undermine the validity of Plaintiff's criminal convictions, the Court is concerned that Plaintiff's claims may be barred under *Heck*.

Importantly, Plaintiff does not identify in which criminal cases each alleged violation of his rights occurred. Thus, the Court cannot determine: (1) whether the criminal prosecutions at issue resulted in criminal convictions; and (2) whether the criminal convictions at issue have been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. For example, Plaintiff does not identify which, if any, of the alleged violations of his rights took place in dismissed Case No. 5803448836 discussed above.

Therefore, the Court concludes that Plaintiff's claims are barred as currently pled. Thus, the Court DISMISSES Plaintiff's complaint. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) ("[A] court may properly dismiss a Heck-barred claim under Rule 12(b)(6) if there exists an 'obvious bar to securing relief on the face of the complaint'").

However, the Court grants Plaintiff leave to amend. The Court does so because amendment would not be futile, unduly prejudice the opposing parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In an amended complaint, Plaintiff shall cure the deficiencies identified herein by: (1) identifying in which criminal cases each alleged violation of his rights occurred; (2) stating whether those criminal cases resulted in criminal convictions; and (3) stating whether the criminal convictions have been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus.

5

Case No. 20-CV-08557-LHK
ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint without prejudice. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims with prejudice. Furthermore, the Court continues the June 23, 2021 Case Management Conference to September 22, 2021 at 2:00 p.m. The parties shall file a case management statement by September 15, 2021.

**IT IS SO ORDERED**

Dated: June 17, 2021

*Lucy H. Koh*

LUCY H. KOH
United States District Judge