UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIAN O. ADAMS,<br><br>        Plaintiff,<br><br>v.<br><br>DAREN KERR, et al.,<br><br>        Defendants. | Case No. 20-cv-08557-BLF<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND IN PART AND WITH LEAVE TO AMEND IN PART**<br><br>[Re: ECF No. 23, 24, 25, 27] |

This is a *pro se* civil rights action brought by Plaintiff Adrian O. Adams under 42 U.S.C. § 1983 against various officials in the Santa Cruz district attorney's office and sheriff's department and court-appointed attorneys and individuals. ECF No. 18 ("SAC"). Adams' complaint is hard to follow but appears to seek damages for alleged violations of his rights during state criminal prosecutions. Before the Court are four motions to dismiss brought by several different groups of defendants. ECF Nos. 23, 24, 25, 27. The Court finds the motions suitable for disposition without oral argument and VACATES the June 30, 2022 hearing dates. Civ. L.R. 7-1(b). For the reasons stated below, Adams' complaint is DISMISSED WITHOUT LEAVE TO AMEND IN PART and WITH LEAVE TO AMEND IN PART.

**I.  BACKGROUND**

On December 3, 2020, Adams filed the initial complaint in this action. ECF No. 1. Magistrate Judge Virginia K. DeMarchi screened that complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 4. Judge DeMarchi determined that the initial complaint did not state a claim upon which relief could be granted because the complaint did not include specific factual allegations about the acts or omissions of individual defendants. *Id.* at 4. Judge DeMarchi permitted Adams to file an amended complaint. *Id.* at 5. Adams declined magistrate judge jurisdiction, and the case

was reassigned to Judge Lucy H. Koh. ECF No. 7.

Adams filed the First Amended Complaint on January 4, 2021. ECF No. 9. Judge Koh issued an order to show cause noting that the court was "concerned that abstention may be necessary in this action" because it included allegations about an ongoing state criminal case. ECF No. 12. Adams responded and claimed that the case had been dismissed. ECF No. 13.

On June 17, 2021, Judge Koh dismissed the First Amended Complaint with leave to amend. ECF No. 17. Judge Koh found that Adams' complaint asserted violations of his rights during several state criminal prosecutions in which Adams was convicted. *Id.* at 4–5. These claims, however, would undermine the validity of Adams' criminal convictions in violation of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 5. Judge Koh instructed Adams that in an amended complaint, he needed to "(1) identify[] in which criminal cases each alleged violation of his rights occurred; (2) stat[e] whether those criminal cases resulted in criminal convictions; and (3) stat[e] whether the criminal convictions have been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus." *Id.*

Adams filed a Second Amended Complaint on July 14, 2021. *See* SAC. The Second Amended Complaint asserts claims against 16 defendants: Santa Cruz County; the Santa Cruz County Sheriff's Department; Jim Hart, Sheriff of Santa Cruz; Daren Kerr, Peter Hansen, and Mark Yanez, Santa Cruz County Sheriff's deputies; other unknown Santa Cruz County Sheriff's deputies; Jeff Rosell, the District Attorney of Santa Cruz; Abel C.K. Hung, an assistant district attorney; Biggam Christensen & Minsloff, Mark Benjamin Briscoe, Heather Ruth Rogers, Zachariah Schwarzbach, Jon Minsloff, and Eric Dumas, all identified as being of the "Public Pretenders Office"; Charles Luke Stevens, a "Court appointed Pretender"; and Dr. Thomas J. Reidy, Ph.D., a court-appointed doctor. SAC at 2–6. Adams' claims are still difficult to understand, but he alleges the following as the "federal constitutional or statutory right(s)" that he claims are being violated:

> Mass Due Process, Constitutional Violations, Jury rights violated, Brady & Marsden Rights Violations, Police Violated PC 632( & 18 U.S.C. ss 2511, 241, 242, 249) at 2-Marsden Motions, Police Violated Court orders, Police Planted Drugs & Fabricated Crimes, Police Withheld Exonerating Evidence & gave false testimony, Judicial,

2

> Prosecutor & Defense Attorneys Misconduct, Jury's rights violated & Illegally declared Unfit for trial to cover it all up + More, All Violating PC 632, 18 U.S.C. § 2511, 241, 242, 249.

SAC at 6.  These alleged violations of Adams' rights appear to have occurred in proceedings in underlying state criminal cases.  *See, e.g.*, *id.* at 7 (citing the following case numbers from Santa Cruz Superior Court:  5803448836, F21951, 18CRO4575, 19CR01649, 19CR04553).  For example, Adams alleges that Defendant Kerr (a sheriff's deputy and witness against him in one of the state court cases) was allowed to attend and record a hearing on a Marsden motion.  *Id.* at 7.  Adams also alleges, for example, that the defendant sheriff's deputies planted drugs on him and lied at hearings on Adams' motions in state court.  *Id.* at 9.  Adams further alleges that sheriff's deputies physically assaulted him and pointed guns at him, that district attorneys helped police fabricate charges against him, and that his defense attorneys got him "declared unfit for Trial" by a defendant court-appointed doctor.  *Id.* at 10–11.

Four separate motions to dismiss have been filed.  The motions are brought by (1) defendants Minsloff, Briscoe, Rogers, Schwarzbach, and the law firm Biggam Christensen & Minsloff, ECF No. 23; the Santa Cruz County-related defendants Kerr, Hansen, Rosell, Hung, Yanez, Hart, the Sheriff's Department, and the County, ECF No. 24; defendant Stevens, ECF No. 25; and defendant Reidy, ECF No. 27.[1]

**II.   DISCUSSION**

Each motion argues that Adams' claims should be dismissed under Rules 8 and 12(b)(6) for failure to state a claim, and some of them note that Adams has not addressed the *Heck* issue identified in Judge Koh's order dismissing the First Amended Complaint.  *See* ECF Nos. 23-1 at 3, 24 at 4, 25 at 4, 27 at 4.  The Court agrees with these arguments and will dismiss the claims.

   **A.   Rule 8 and Instructions in Judge Koh's Order**

First, the Court notes that Adams' Second Amended Complaint fails to comply with Rule 8.  Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing

---

[1] After these motions were fully briefed, this case was assigned to the undersigned following the elevation of Judge Koh to the United States Court of Appeals for the Ninth Circuit.  ECF Nos. 43, 53.

that the pleader is entitled to relief." Rule 8(d) similarly requires that the allegations in a pleading be "simple, concise, and direct." As one of the motions argues, Adams' pleading does not follow these requirements. "Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Whitsett v. Indus. Empl. Distributor Ass'n*, 2014 WL 3615352, at *4 (N.D. Cal. Jul. 22, 2014) (quoting *Calfasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011)). The Court is mindful of its obligation to "construe pro se complaints liberally." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012). This, however, does not eliminate Rule 8's requirements. "Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the evidentiary functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). As multiple defendants state, it is difficult to parse from the complaint exactly who Adams alleges to have taken various actions and which events specifically Adams alleges violated his rights. Several pages of Adams' complaint describe in narrative style various court hearings and police interactions but fail to tie those events to specific claims against specific defendants. *See* SAC at 8–10, 24–31. Without these basic elements of a pleading, Adams' claims are subject to dismissal under Rule 8.

Second, Adams has failed to heed Judge Koh's instructions to add allegations regarding the underlying state court cases to allow the court to evaluate whether his claims are barred by *Heck*. *See* ECF No. 17 at 5. Adams appears to have added some citations to case numbers and says at one point that some cases have been "Dismissed With Prejudice 6-8-2020." SAC at 6. This statement, however, does not address Judge Koh's concern that the claims are barred by *Heck*. Judge Koh required Adams to state in an amended complaint " [1] in which criminal cases each alleged violation of his rights occurred; (2) . . . whether those criminal cases resulted in criminal convictions; and (3) . . . whether the criminal convictions have been reversed, invalidated, or called into question by the issuance of a writ of habeas corpus." *Id.* Adams has not pleaded those allegations for each alleged violation of rights (to the extent that his allegations as pleaded can be parsed into separate alleged violations of his rights). This Court shares Judge Koh's

4

1  concern that the claims could be barred by *Heck*. Accordingly, Adams has failed to address the
2  deficiencies identified in the previous order dismissing his complaint. This is an independent
3  basis for dismissal.

### B.  Individual Claims

Finally, even setting aside those issues, Adams fails to state § 1983 claims against any of the Defendants.[2] Most of Adams' claims are subject to dismissal without leave to amend, although a claim based on a single alleged course of conduct by Kerr will be dismissed with leave to amend and defendant Dumars will be dismissed without prejudice.

####  i.  Law Firm's Motion to Dismiss

The first motion to dismiss is brought by Biggam Christensen & Minsloff ("BCM") and attorneys Jon Minsloff, Mark Benjamin Briscoe, Heather Ruth Rogers, and Zachariah Schwarzbach. ECF No. 23-1. These defendants argue that they are not state actors because they are private attorneys who were contracted to the public defenders' office. *Id.* at 6–7. The Court agrees.

"Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law, and, consequently, cannot be challenged in a § 1983 lawsuit." *See Porter v. Guingona*, 2005 U.S. Dist. LEXIS 12474, at *2–3 (N.D. Cal. Jun. 17, 2005) (citing *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981)). Private attorneys contracted to work at the public defenders' office do not work under color of state law when they perform a lawyer's traditional functions, such as entering pleas, making motions, acting at trial, cross-examining witnesses, or making closing arguments. *Id.*; *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender was not state actor when acting within attorney–client relationship, but could be state actor when acting in "administrative" capacity, such as "institut[ing] certain policies" about

---

[2] The operative complaint also lists generalized "Constitutional Violations" and "Jury rights violated," but provides no specific provisions or statutes on which those generalized statements are based. SAC at 6. It also cites California Penal Code § 632 and several federal criminal statutes—18 U.S.C. §§ 241, 242, 249, 2511—but Adams cannot bring claims under those criminal statutes in this civil action.

1  allocations of department resources).  There is no allegation in the Second Amended Complaint
2  showing that these defendants are state actors.  To the contrary, the Second Amended Complaint
3  shows that these defendants are private attorneys with a private law firm, and are thus not state
4  actors.  Even if they are considered public defenders as private attorneys contracted to that office
5  as Adams seems to allege, *see* SAC at 3–4 (listing these defendants as individuals from the
6  "Public Pretenders' Office"), the allegations regarding these defendants—for example, that they
7  refused to give him copies of evidence, made litigation decisions not to "go[] after cops," and
8  refused to file subpoenas—are actions taken within the scope of the attorney-client relationship
9  and are thus not state action for purposes of § 1983.

10  "A private individual may be liable under § 1983 if she conspired or entered joint action
11  with a state actor."  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).  Adams, however, does
12  not plausibly allege that these defendants engaged in a conspiracy with any state actor.  These
13  defendants' alleged actions—all taken within the attorney-client relationship between them and
14  Adams—do not plausibly allege a conspiracy between these defendants and any state actor.
15  Adams' conclusory statements that the lawyers were conspiring with state actors are insufficient.
16  *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Price v.*
17  *Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991)).

18  Because Adams has already had two opportunities to amend and no additional allegations
19  could establish these defendants' status as a state actor, leave to amend will be denied.  All claims
20  against Biggam Christensen & Minsloff, Briscoe, Minsloff, Rogers, and Schwazbach are thus
21  DISMISSED WITHOUT LEAVE TO AMEND.

22        **ii.**    **Santa Cruz Defendants' Motion to Dismiss**

23  The second motion to dismiss is brought by a group of defendants associated with Santa
24  Cruz County:  Deputy Daren Kerr, Deputy Peter Hansen, Deputy Mark Yanez, Sheriff Jim Hart,
25  District Attorney Jeff Rosell, District Attorney Abel C.K. Hung, the County of Santa Cruz, and the
26  Santa Cruz County Sheriff's Office.  Different groups of these defendants move to dismiss the
27  claims asserted against them on different grounds.  The Court deals with each group in turn.
28        <u>Rosell and Hung</u>.  Adams claims that Rosell and Hung, both district attorneys in Santa

United States District Court
Northern District of California

Cruz, brought fraudulent criminal charges against him based on evidence fabricated by the Sheriff's Office. SAC at 10. Prosecutors, however, are absolutely immune from suit for actions taken in their capacity as prosecutors, including initiating criminal prosecutions. *Waggy v. Spokane Cnty. Wa.*, 594 F.3d 707, 710 (9th Cir. 2010); *Inman v. Anderson*, 294 F. Supp. 3d 907, 916 (N.D. Cal. 2018). Because Rosell and Hung are absolutely immune from suit, all claims against them are DISMISSED WITH PREJUDICE.

Hansen, Yanez, Hart, County of Santa Cruz, Santa Cruz County Sheriff's Department. As these defendants argue, Adams asserts no allegations or claims as to these individuals and entities in the Second Amended Complaint. Because Adams has already had two opportunities to amend his complaint, these defendants are DISMISSED WITHOUT LEAVE TO AMEND.

Kerr. Adams alleges that Deputy Kerr engaged in three different courses of conduct in 2006, 2011, and 2019. Kerr moves to dismiss all of Adams' claims against him. ECF No. 24 at 4–5.

Adams first alleges that Deputy Kerr assaulted and battered him in 2006 by violently yanking him from a transport vehicle, putting a gun to Adams' face, dragging him to a holding cell at a courthouse, kicking him, stripping him until he was naked, and participating in a court hearing while Adams was lying naked on the floor. SAC at 10. Adams further alleges that in 2011, Deputy Kerr planted drugs on him. *Id.* at 6, 9. These claims, however, are barred by the two-year statute of limitations for section 1983 claims. *See Bey v. City of Oakland*, 2014 WL 4220319, at *4 (N.D. Cal. Aug. 25, 2014). Adams filed his initial complaint on December 3, 2020. *See* ECF No. 1. These alleged events thus occurred well outside the limitations period, so any claims against Kerr based on these events are DISMISSED WITHOUT LEAVE TO AMEND.

Adams also alleges that in 2019, Deputy Kerr attended a court hearing on Adams' Marsden motion, which he claims Kerr should not have attended because he was a material witness against him. SAC at 7. Adams alleges that Kerr illegally recorded the hearing. *Id.* Adams also alleges that Kerr lied about the location of parking signs. *Id.* at 7–8. These allegations are presently insufficient to state a § 1983 claim against Kerr. In the Second Amended Complaint, Adams has not alleged a violation of federal constitutional or statutory rights that Kerr violated by allegedly

1    attending and recording a hearing or lying about the location of parking signs. The Court cannot
2    say, based on the present allegations, that it is impossible for Adams to allege additional facts
3    based on this incident that could correct this defect and plausibly state a § 1983 claim. *See Vess v.*
4    *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (leave to amend warranted "if it
5    appears at all possible that the plaintiff can correct the defect[s]" identified).

6    Accordingly, any claims against Kerr based on the 2019 events are DISMISSED WITH
7    LEAVE TO AMEND. In an amended complaint, Adams must identify a specific federal
8    constitutional or statutory right that Kerr violated through his actions in 2019. Otherwise, Kerr
9    will be dismissed from this case with prejudice.

### iii. Stevens' Motion to Dismiss

The third motion to dismiss is brought by Defendant Charles Luke Stevens. ECF No. 25. Stevens argues that as a private court-appointed attorney for Adams, he was not acting under color of state law. *Id.* at 4–5. The Court has already agreed with this argument as to other defendants, and it applies equally here. Adams alleges that Stevens refused to provide him with "Missing Evidence," refused to file a subpoena for additional evidence, and witnessed the allegedly "illegal attendance" of other defendants at court hearings. SAC at 9. Each of these allegations concerns Stevens' actions as a private attorney, so the actions are not made under color of state law. *See Frankin*, 662 F.2d at 1345. As with the other defendants, Adams' conclusory allegations of a conspiracy involving Stevens are insufficient to transform him into a state actor. *Simmons*, 318 F.3d at 1161. Because Adams has already had two opportunities to amend and because there are no additional allegations that could transform Stevens into a state actor for purposes of § 1983, leave to amend will not be granted.

All claims against defendant Stevens are thus DISMISSED WITHOUT LEAVE TO AMEND.

### iv. Reidy's Motion to Dismiss

The fourth and final motion to dismiss is brought by Defendant Dr. Thomas Reidy. ECF No. 27. Dr. Reidy alleges, as do other defendants, that he was not acting under color of state law when he performed a mental health evaluation on Adams. *Id.* at 3–4 (citing SAC at 8–9). The

8

Court agrees. Dr. Reidy is alleged to have performed a mental health evaluation on Adams and declared him "Violent and Unfit for trial." SAC at 8–9. As Dr. Reidy asserts and as this Court has already found, private actors do not act under color of state law absent allegations that he conspired with state actors. *Simmons*, 318 F.3d at 1161. Once again, Adams' allegations about Dr. Reidy's mental health evaluation do not plausibly plead a conspiracy between him and any state actor. Because Adams has already had two opportunities to amend and because he cannot provide additional plausible allegations to transform Dr. Reidy into a state actor for purposes of § 1983, leave to amend will not be granted.

All claims against defendant Dr. Reidy are DISMISSED WITHOUT LEAVE TO AMEND.

### v. Eric Dumars

Defendant Eric Dumars remains unserved in this action. The docket indicates that attempts to serve him by the U.S. Marshal at the address provided by Adams were unsuccessful because the building at that address is "shut down and empty" with "[n]o business open inside." ECF No. 29 at 1.

Although a plaintiff who is proceeding *in forma pauperis* may rely on service by the U.S. Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Adams' complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant Dumars are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Adams must remedy the situation by providing more information to properly serve Defendant Dumars or face dismissal of his claims against this defendant without prejudice. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *see also Meeks v. Mailroom Sup'r, Richard J. Donovan State Prison*, 5 F.3d 538, at *2 (9th Cir. 1993) (mem.) (affirming dismissal without prejudice of unserved defendant where "the person named in the [pro se] complaint could not be identified" and failure to serve was thus not "the fault of the U.S. Marshal"); *cf. Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner

1 failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner
2 failed to show he had provided Marshal with sufficient information to effectuate service).

3     For the foregoing reasons, Adams SHALL file a notice providing the Court with more
4 information regarding Defendant Dumars such that the Marshal is able to effect service.  If Adams
5 fails to provide the Court with the information requested **within thirty (30) days** of the date this
6 order is filed, Adams' claims against Defendant Dumars will be dismissed without prejudice
7 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure without further notice.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- all claims against Defendants Biggam Christensen & Minsloff, Briscoe, Minsloff, Rogers, and Schwarzbach are DISMISSED WITHOUT LEAVE TO AMEND;
- all claims against Defendants Rosell, Hung, Hansen, Yanez, Hart, the County of Santa Cruz, and the Santa Cruz Sheriffs' Office are DISMISSED WITHOUT LEAVE TO AMEND;
- all claims against Defendant Kerr involving incidents alleged in 2006 and 2011 are DISMISSED WITHOUT LEAVE TO AMEND, and all claims against Defendant Kerr involving incidents alleged in 2019 are DISMISSED WITH LEAVE TO AMEND;
- all claims against Defendant Stevens are DISMISSED WITHOUT LEAVE TO AMEND;
- all claims against Defendant Dr. Reidy are DISMISSED WITHOUT LEAVE TO AMEND; and
- Adams SHALL file a notice providing the Court with more information regarding Defendant Dumars such that the Marshal is able to effect service.  Failure to provide the Court with the information requested within thirty (30) days of the date this Order will result in dismissal of all claims against Defendant Dumars without prejudice pursuant to Federal Rule of Civil Procedure 4(m) without further notice.

**No later than 30 days following this Order, Adams SHALL file an amended complaint.**
**Failure to meet the deadline to file an amended complaint, failure to cure the deficiencies**

**identified in this Order, or amendment exceeding the scope of amendment permitted by this Order will result in a dismissal of this case with prejudice.**

Dated: April 25, 2022

_____
BETH LABSON FREEMAN
United States District Judge