**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADRIAN O. ADAMS,<br><br>        Plaintiff,<br><br>       v.<br><br>ERIC DUMARS,<br><br>        Defendant. | Case No. 20-cv-08557-BLF<br><br>**ORDER DISMISSING CLAIMS AGAINST DEFENDANT DUMARS**<br><br>[Re: ECF No. 76] |

Before the Court is Defendant Eric Dumars's Motion to Dismiss Plaintiff Adrian Adams's claims against Dumars. Adams failed to file an opposition to the motion. ECF No. 76 ("Mot."). The Court previously found the motion suitable for disposition without oral argument. ECF No. 79; Civ. L.R. 7-1(b). For the reasons stated below, the Court GRANTS the motion to dismiss.

**I.  BACKGROUND**

This is a *pro se* civil rights action brought by Adams under 42 U.S.C. § 1983 against various officials in the Santa Cruz district attorney's office and sheriff's department and court-appointed attorneys and individuals. ECF No. 18 ("SAC"). The Court thoroughly described the background of this case, its procedural history, and Adams's claims in its Order Dismissing the Second Amended Complaint Without Leave to Amend in Part and With Leave to Amend in Part. ECF No. 59 ("MTD Order"). The Court will repeat only the background necessary to resolve Dumars's motion.

On July 14, 2021, Adams filed his Second Amended Complaint, the operative complaint in this case. *See* SAC. The Second Amended Complaint asserted claims against sixteen defendants including Eric Dumars, whom Adams identified as being a part of the "Public Pretenders Office." SAC at 5. As the Court stated previously, Adams' claims are difficult to understand, but he

1    alleges the following as the "federal constitutional or statutory right(s)" that he claims are being
2    violated:

> Mass Due Process, Constitutional Violations, Jury rights violated, Brady & Marsden Rights Violations, Police Violated PC 632( & 18 U.S.C. ss 2511, 241, 242, 249) at 2-Marsden Motions, Police Violated Court orders, Police Planted Drugs & Fabricated Crimes, Police Withheld Exonerating Evidence & gave false testimony, Judicial, Prosecutor & Defense Attorneys Misconduct, Jury's rights violated & Illegally declared Unfit for trial to cover it all up + More, All Violating PC 632, 18 U.S.C. § 2511, 241, 242, 249.

SAC at 6. Adams alleges that Dumars violated his rights by refusing to subpoena evidence, refusing to give Adams evidence, and having Adams "declared unfit for trial." *Id.* at 8, 10.

On April 25, 2022, the Court dismissed without leave to amend Adams's claims against fourteen defendants. MTD Order at 10. The Court granted leave to amend claims against Daren Kerr involving incidents alleged in 2009 and gave Adams 30 days to file an amended complaint. *Id.* Adams failed to file an amended complaint, and the Court dismissed his claims against Kerr with prejudice. ECF No. 60. The Court's MTD Order also found that Dumars remained unserved at the time of the Order and ordered Adams to provide more information regarding Dumars such that the U.S. Marshal could effect service. MTD Order at 9–10. Adams failed to submit more information, but the Court found additional information about Dumars on the California State Bar website, directed the Clerk of Court to issue a summons to Dumars, and directed the Marshal to serve the summons. ECF No. 61. On September 5, 2023, Dumars filed an answer to the Second Amended Complaint requesting that the Court dismiss the case for failure to state a claim. Mot. at 9. The Court converted the answer into a motion to dismiss and gave Adams until October 23, 2023 to respond. ECF No. 79. Adams did not file a response.

**II.    LEGAL STANDARD**

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

United States District Court
Northern District of California

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III.  DISCUSSION

Dumars argues that Adams's claims should be dismissed because Dumars is not and was not a state or local official during his representation of Adams. Mot. at 9–10. Dumars also argues that Adams was not prejudiced by Dumars's actions during the representation because Dumars was successful in getting Adams's criminal cases dismissed. *Id.*

"Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law, and, consequently, cannot be challenged in a § 1983 lawsuit." *See Porter v. Guingona*, 2005 U.S. Dist. LEXIS 12474, at *2 (N.D. Cal. Jun. 17, 2005) (citing *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981)). Private attorneys contracted to work at the public defenders' office do not work under color of state law when they perform a lawyer's traditional functions, such as entering pleas, making motions, acting at trial, cross-examining witnesses, or making closing arguments. *Id.*; *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender was not state actor when acting within attorney-client relationship but could be state actor when acting in "administrative" capacity, such as "institut[ing] certain policies" about

3

allocations of department resources). The Second Amended Complaint does not allege any facts that would show that Dumars is a state actor. Although Adams alleges that Dumars is a member of the public defender's office, *see* SAC at 5 (identifying Dumars as from the "Public Pretenders Office"), this allegation is insufficient to establish that Dumars was acting under the color of state law. The allegations regarding Dumars—that Dumars refused to pursue evidence, refused to give Adams evidence, and had Adams "declared unfit for trial"—are all actions taken within the scope of the attorney-client relationship and are thus not state action for purposes of § 1983.

"A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). To the extent that Adams alleges that Dumars engaged in a conspiracy with any state actor, Adams fails to state any facts that could plausibly allege a conspiracy between Dumars and any state actor. Adams' conclusory statements that his lawyers were conspiring with state actors are insufficient. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991)).

Because Adams has already had two opportunities to amend, he has not responded to any of the Court's orders in the last year, and no additional allegations could establish Dumars's status as a state actor, leave to amend will be denied. All claims against Dumars are thus DISMISSED WITHOUT LEAVE TO AMEND.

**IV.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Eric Dumars's Motion to Dismiss (ECF No. 76) is GRANTED. Plaintiff Adrian Adams's claims against Dumars are DISMISSED WITHOUT LEAVE TO AMEND.

Dated: December 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge

4